

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00352-CV

IN THE INTEREST OF E.H. AND
B.H., CHILDREN

----------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 325-481766-10

----------

## MEMORANDUM OPINION[1]

----------

Appellant S.H. (Father) attempts to appeal from an "Order In Suit To Modify Parent-Child Relationship" signed on July 14, 2014.[2] Father filed a motion for new trial on August 13, 2014, making his notice of appeal due October

---

[1]*See* Tex. R. App. P. 47.4.

[2]Father's notice of appeal stated that he was appealing a judgment signed on July 17, 2014. However, the trial court's judgment contained in the clerk's record was signed on July 14, 2014, not July 17, 2014.

13, 2014.[3]  *See* Tex. R. App. P. 26.1(a)(1).  Father filed his notice of appeal on October 30, 2014, seventeen days late.

On July 7, 2015, we sent a letter to Father stating our concern that we lacked jurisdiction over this appeal because his notice of appeal was not timely filed.  We informed Father that unless he, or any party desiring to continue the appeal, filed a response by July 17, 2015, setting forth an explanation for the jurisdictional defect arising from the late filing of the notice of appeal, the appeal could be dismissed for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 44.3.  Father did not file a response.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal.  *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  Because Father's notice of appeal was untimely, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3, 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

/s/ Sue Walker
SUE WALKER
JUSTICE

---

[3]Almost six months after the conclusion of the trial on the motion to modify and over two months after the trial court had signed the final judgment, Father filed a notice of nonsuit.  The nonsuit, however, was ineffective because it was not timely.  *See* Tex. R. Civ. P. 162 ("At any time *before* the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit.") (emphasis added).

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: August 6, 2015